## BRAUX, Administratrix *v.* LEBLANC.

One who endorses a note as security for the purchaser of property at a public sale, is entitled to notice of non-payment by the maker, and is not to be considered as dispensing with it from the circumstance that he signed the proces verbal of the sale.

APPEAL from the District Court of the parish of Assumption, *Cole*, J. *Mailhot & Mills*, for plaintiff and appellant. *Barriaux*, for defendant.

OGDEN, J. At the succession sale of *Olivier LeBlanc*, *Adrian LeBlanc* became the purchaser of a slave for the price of $1,580, payable according to the terms of the sale in three equal annual instalments, in notes endorsed to the satisfaction of the administratrix. He complied with these terms by giving the three notes on which this suit is brought, endorsed by the defendant.

The defendant pleads want of demand of payment from the maker and of notice of non-payment to him as endorser.

The evidence shows a waiver of the protest and notice on one of the notes and for that amount the court below rendered judgment against the defendant.

The appellant contends that the defendant is liable for the amount of the other two notes, notwithstanding the failure to protest them or to give notice of their non-payment to the defendant, because he signed the *proces verbal* of the adjudication as security for *Adrian LeBlanc's* purchase.

The object of signing the *proces verbal*, was to attest the fact of the slave having been adjudicated to *Adrian LeBlanc*, and of the defendant having consented to become his security according to the terms of sale by endorsing the notes.

When the sale was afterwards completed by the administratrix and the notes of the purchaser endorsed by the defendant were received in payment of the price, the contract of suretyship was put in the form which had been agreed upon, and the liability of the defendant was that of accommodation endorser.

13

An accommodation endorser stands on the same footing with other endorsers, as to what is legally requisite to fix his liability.

The court below did not err in considering that the defendant after endorsing the notes was under no other liability than that resulting from his endorsement, and that he was discharged by the *laches* of the holder in failing to make the necessary demand of payment and give notice to the defendant as endorser.

The judgment of the court below is therefore affirmed with costs.